KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Kevin Pesqueira, | No. CV 08-1323-PHX-DGC (JRI) |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Eric Kevin Pesqueira, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the $350.00 filing fee. The Court will order Defendant Schriro to answer the Complaint.

Plaintiff has also filed a Motion for Ex Parte Restraining Order and Motion for Preliminary Injunction. The Court will grant the Motion for Ex Parte Restraining Order and will require Defendant Schriro to respond to the Motion for Preliminary Injunction.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

TERMPSREF

28 U.S.C. § 1915A(b)(1), (2).

## II.     Complaint

Plaintiff names the following Defendants in the Complaint: (1) Arizona Department of Corrections (ADOC) Director Dora Schriro; (2) Warden John/Jane Doe I; (3) Protective Segregation  Committee Chairman John/Jane Doe II, ADOC Central Office; (4) Central Office Classification C.O. IV John/Jane Doe III; (5) Central Office STG Officer John/Jane Doe IV; (6) Deputy Director of Prison Operations John/Jane Doe V; and (7) John/Jane Does VI-X.

Plaintiff's sole ground for relief is that Defendants have threatened his safety, in violation of the Eighth Amendment, by ordering him transferred to the general population. Plaintiff alleges that he has renounced his membership in the Mexican Mafia, that he has been denied protective segregation status, and that if he is returned to general population, he will be killed.  Plaintiff further alleges that the denial of protective segregation status was pursuant to a policy of Defendant Schriro to deny protective segregation requests as often as possible.  Plaintiff seeks injunctive relief.

Liberally construed, Plaintiff's allegations adequately state a claim against Defendant Schriro and the Court will require her to answer the Complaint.

Although Plaintiff has alleged his claim with enough specificity to require an answer, the Court will not direct that service be made on the John/Jane  Doe Defendants I-V  at this time. Generally, the use of John or Jane Doe-type appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unidentified  defendant.  However, the Court will not dismiss the claim against the John/Jane Doe Defendants at this time.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

1    If Plaintiff later discovers the identity of these Defendants, Plaintiff should amend his
2 Complaint to name them.  Plaintiff may amend his Complaint "once as a matter of course at
3 any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  After any Defendant
4 has filed an answer or other responsive pleading, however, Plaintiff must file a motion
5 requesting leave to amend and submit a proposed amended complaint.[1]

6    The Court will dismiss Defendant Does VI-X.  To state a valid claim under § 1983,
7 plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a
8 defendant and show an affirmative link between the injury and the conduct of that defendant.
9 Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff has not made any allegations
10 against Defendant Does VI-X and has therefore failed to state a claim against them.

11 **III.    Motion for Ex Parte Restraining Order and Motion for Preliminary Injunction**

12    Whether to grant or deny a motion for a temporary restraining order is within the
13 Court's discretion.  See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir.
14 1979).  "The standard for issuing a temporary restraining order is identical to the standard
15 for issuing a preliminary injunction."  Whitman v. Hawaiian Tug & Barge
16 Corporation/Young Bros., Ltd. Salaried Pension Plan, 27 F. Supp. 2d 1225, 1228 (D. Haw.
17 1998).  To obtain a preliminary injunction, the moving party must show either "(1) a
18 likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious
19 questions going to the merits were raised and the balance of hardships tips sharply in its
20 favor." Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999).  These are not two
21 separate tests; they represent "extremes of a singular continuum."  Id. (quotation omitted).
22 The moving party has the burden of proof on each element of the test.  Environmental
23 Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

24    In his Motion for Preliminary Injunction, Plaintiff asks that the Court enter an order
25 enjoining Defendant Schriro from transferring him into a general population unit.  Plaintiff

---

[1] Plaintiff should note that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

TERMPSREF                                  - 3 -

alleges that there are death threats against him and that he will be attacked if transferred into general population. The Court will require Defendant Schriro to respond to the Motion for Preliminary Injunction.

In his Motion for Ex Parte Restraining Order, Plaintiff asks that the Court immediately enter a temporary restraining order, without a response from Defendants, that prevents his transfer into general population. Temporary restraining orders are governed by Rule 65(b) of the Federal Rules of Civil Procedure. To demonstrate entitlement to a temporary restraining order, Plaintiff must show by specific facts that he is in danger of immediate and irreparable harm. Fed. R. Civ. P. 65(b).

Plaintiff states that his transfer to a general population unit is likely to result in his being killed or seriously injured by other inmates. The Court finds that Plaintiff has sufficiently alleged both the possibility of irreparable injury and that the balance of hardships tips sharply in his favor. Because Plaintiff has also raised serious questions, the Court will enter a temporary restraining order that prohibits Plaintiff's transfer to a general population unit until the Court has considered the merits of Plaintiff's Motion for Preliminary Injunction.

**IV.   Warnings**

**A.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.   Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

TERMPSREF

- 4 -

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants John/Jane Does VI-X are **dismissed** without prejudice.

(2) **The Clerk of Court must fill out and complete** a service packet and must forward the completed service packet to the United States Marshal. The service packet must include the Complaint (Doc. #1), the Motion for Preliminary Injunction (Doc. #3), Ex Parte Motion for Restraining Order (Doc. #4), this Order, and a summons for Defendant Schriro.

(3) The United States Marshal must **personally serve** copies of the Summons, Complaint, Motion for Preliminary Injunction, Ex Parte Motion for Restraining Order, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

(4) After personal service is effected, the United States Marshal must immediately file the return of service for Defendant.

(5) Defendant Schriro must answer the Complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(6) With the exception of Plaintiff's Motion for Preliminary Injunction, this matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

(7) Plaintiff's July 17, 2008 Ex Parte Motion for Restraining Order (Doc. #4) is **granted**.

(8) As of the date of signature of this Order, Defendant Schriro and the Arizona Department of Corrections are **enjoined and restrained** from transferring Plaintiff from his present housing assignment at ASPC-Eyman, SMU I, to any general population housing unit. This order shall remain in effect until the Court has ruled on Plaintiff's motion for a preliminary injunction. No bond will be required of Plaintiff for the restraining order.

(9) A hearing on Plaintiff's Motion for Preliminary Injunction is set for **Tuesday, August 19, 2008 at 10:00 a.m.**, at the Sandra Day O'Connor United States Courthouse, Courtroom number 603, 401 W. Washington St., Phoenix, Arizona.

(10) Plaintiff will appear at the hearing in person and the Court's staff will contact the Arizona Department of Corrections to schedule Plaintiff's transportation.

(11) Defendant must file a response to Plaintiff's Motion for Preliminary Injunction on or before **Friday, August 15, 2008**.

(12) The Clerk of Court **shall fax** a copy of this Order to Assistant Attorney General Michael Brodsky at 602-542-7670.

Time: 3:30 p.m.

DATED this 6th day of August, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge